UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P&M CORPORATE FINANCE, LLC,

    Plaintiff,

v.

MICHAEL PAPARELLA,

    Defendant.
_____/

Case No. 10-10448

Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 21, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss and Motion to Transfer Venue [dkt 2]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be decided on the briefs submitted. For the following reasons, Defendant's Motion is denied.

## II. BACKGROUND

P&M Corporate Finance, LLC's ("PMCF") cause of action arises from allegations that Michael Paparella ("Paparella") misappropriated confidential PMCF information obtained during Paparella's employment with PMCF. Paparella also allegedly solicited and is providing services to PMCF's clients and prospects. This occurred after his employment with PMCF terminated. PMCF is an investment banking advisory firm with its principal place of business in Southfield, Michigan. In June 2004, Paparella was employed by PMCF as a Director. Paparella resides in Akron, Ohio. He was initially hired and trained to provide investment banking advisory services using PMCF's confidential and proprietary processes. The terms of Paparella's employment were governed by two written agreements. The Staff-Relationship Agreement provided that Paparella was an at-will employee, who was entitled to the benefits outlined in PMCF's Personnel Manual.

The Staff-Relationship Agreement also contained a non-solicitation provision that remained effective two years after the agreement no longer governed the parties. The provision provided that "[d]uring the staff member's employment and during the two year peroid thereafter the staff member shall not, directly or indirectly, render investment banking services . . . to any PMCF Client." The parties dispute whether the Staff-Relationship Agreement only governed while Paparella was a Director. This arrangement ceased in July 2007.

In July 2007, Paparella was promoted to Managing Director. At this time, Paparella's role with PMCF shifted from an employee role to a membership role. Paparella' compensation changed from semi-monthly base salary payments to membership distributions.

In addition to the Staff-Relationship agreement, PMCF claims the written Membership Agreement also governed Paparella's employment status after July 2007. This agreement also

2

contains certain confidentiality, non-competition, and non-solicitation provisions. Article 6 of the agreement specifies the confidentiality terms: "Paparella shall hold the Company's and PM's Confidential Information in strict confidence and in trust for them and shall not disclose or otherwise communicate . . . any of the Confidential Information to any Person." In addition, Article 5 of the agreement specifies the non-solicitation terms:"While a Member and during the two (2) years following Paparella's sale of Unities, Paparella . . . shall not provide [services] for any Client of the Company."

Paparella alleges that he has not signed a Membership Agreement and that PMCF has failed to produce a signed copy of a Membership Agreement. In April 2009, Paparella withdrew as a member of PMCF and returned to the position of Entity Principal and Managing Director of PMCF. Paparella submitted his voluntary resignation from PMCF on September 3, 2009, and his employment effectively terminated September 8, 2009. Paparella returned the computer issued to him by PMCF on September 11, 2009. After Paparella's termination, PMCF recently became aware that Paparella was employed by Candlewood Partners, LLC ("Candlewood") – a direct competitor of PMCF – in alleged violation of the Staff-Relationship and Membership agreements and was soliciting PMCF's clients and propsects, including American Ring, Collinwood Concrete, and Wray Co. Industries.

Upon PMCF filing it's complaint in Oakland County Circuit Court, Michigan, Paparella filed a notice to remove to this Court on February 2, 2010, on the basis of the Court's diversity jurisdiction. On February 19, 2010, Paparella filed this instant Motion to Dismiss and Transfer Venue.

3

## III. LEGAL STANDARD

**A. Motion to Dismiss**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

**B. Motion to Transfer Venue**

Paparella argues that this action should be transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[A] district court 'has broad discretion to grant or deny [a] motion to transfer a case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). The Court must give deference to the plaintiff's choice of forum, which is not disturbed "unless the balance is strongly in favor of the defendant." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co.v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The moving party bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

Paparella requests that this Court transfer the case to the United States District Court for the Northern District of Ohio. PMCF and Paparella agree that this lawsuit could have been brought in the Northern District of Ohio, and that venue is proper there. *See* 28 U.S.C. § 1391(b) (stating that venue is proper in a particular district "where any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred."). Therefore, to determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, this Court must weight the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) accessibility to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems of trying the case most expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton*

*Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994); *see Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137(6th Cir. 1991) (considering the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns" when ruling on a motion to transfer under § 1404(a)).

## IV. ANALYSIS

**A. Motion to Dismiss**

    **i.** *Count I*

PMCF alleges in Count I of its complaint that Paparella breached the confidentiality provisions in the Staff-Relationship Agreement and in the Membership Agreement when he started working for Candlewood, used PMCF's confidential information, and solicited clients of PMCF. Because of this alleged breach, PMCF asserts it has suffered irreparable harm and monetary damages. Paparella contends that Count I should be partially dismissed because it relies on an unsigned Membership Agreement. Paparella further contends not only that he did not agree to the terms of the Membership Agreement, but he never saw it.

In PMCF's response brief, it states that it fully complied with the pleading standard. In addition to alleging the existence of an enforceable agreement, it attached to its complaint the Staff-Relationship Agreement and Membership Agreement. Both agreements contain non-competition, non-solicitation, and confidentiality clauses. Moreover, PMCF has alleged actions on the part of Paparella that breach these agreements, such as working for Candlewood and soliciting PMCF's clients and prospects. Neither party has disputed whether these companies are clients or propsects as defined by the agreements.

A breach of contract cause of action requires: (1) a contract between the parties, (2) contract terms, (3) a breach of one or more of those terms, and (4) that such breach caused an injury to plaintiff. *Timmis v. Suzler Intermedics, Inc.*, 157 F. Supp. 2d. 775, 777 (E.D. Mich. 2001) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)). A valid contract requires: "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v. Cannon Twp.*, 696 NW 2d. 742, 748 (Mich. App. 2005). Accepting the factual allegations as true and resolving the ambiguities in PMCF's favor, a contract has been pled along with the specific relevant confidentiality terms. PMCF has alleged a breach of these confidentiality terms, and that the alleged breach of such terms has caused PMCF damages.

Even though Paparella contends that the Membership Agreement is not signed, an agreement can exist between the parties without his signature. A party can be bound to an unsigned agreement when his or her actions demonstrate assent to such agreement. *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 624 (6th Cir. 2000); *Detroit Tigers, Inc. v. Ignite Sports Media, LLC*, (E.D. Mich. 2002) ("[I]t is clear that acts or conduct of the parties may meet the requirement for mutual assent."). PMCF alleges Paparella was aware of the agreement. PMCF's President, Philip C. Gilbert had discussions with Paparella about the Membership Agreement. According to Mr. Gilbert, Paparella understood the terms and did not object to any of them. PMCF alleges that Paparella's actions that constitute such assent are receiving the benefits of a member, having access to confidential information, and representing to clients that he was a member.

In the instant case, PMCF has pled facts, which, if true, would make PMCF's claim plausible. Therefore, the Court finds PMCF has satisfied the pleadings requirement for Count I.

### ii. *Count II*

In Count II, PMCF alleges that Paparella breached the client solicitation and non-competition provisions. In connection with this position, PMCF alleges that Paparella is soliciting and providing services to PMCF's clients and propsects. PMCF avers these actions are a breach of the client solicitation provision in Paragraph 5 of the Staff-Relationship Agreement and Paragraph 5.1 of the Membership Agreement. Lastly, PMCF asserts it is entitled to damages as calculated by the provision in the Staff-Relationship Agreement or the provision in the Membership Agreement.

Paparella contends that PMCF's claim for breach of the client solicitation provision and the non-competition provision must be dismissed because the non-solicitation obligations of the Staff-Relationship agreement ended on July 1, 2009, two years after Paparella's changed to a member of PMCF. Paparella argues that PMCF fails to allege any violations that occurred before this time. Futhermore, Defendent Paparella argues that the non-competition provision is within the Membership agreement, which he never signed.

PMCF sets forth various arguments in response. First, PMCF contends that merely becoming a member and managing director did not terminate his employment with PMCF. Paparella continued to receive regular checks, participated in group health insurance, had continued access to confidential information, participated in a PMCF life insurance plan, participated in PMCF's 401(k) investment plan, and participated in PMCF's pension plan. Second, PMCF asserts that Paparella's conduct is proof of mutual assent to the agreement.

Having pled these facts, it is plausible that Paparella continued as an employee under the Staff-Relationship agreement. 12(b)(6) motions test the legal sufficiency of the claims. If all

factual allegations are taken as true and Paparella is found to be an employee until September 8, 2009, the client solicitation restrictions in the Staff-Relationship Agreement govern Paparella's actions until September 8, 2011.

Paparella's second argument is the same argument raised for why Count I should be partially dismissed. Again, the Court finds this claim insufficient. In this case, PMCF has pled facts, which, if true, would make PMCF's claim that Paparella assented to the agreement plausible. Accepting the factual allegations of PMCF's Complaint as true and resolving all ambiguities in PMCF's favor, the Court finds that Paparella's Motion to Dismiss is denied.

**B. Motion for Change of Venue**

Paparella requests that this Court transfer the case to the United States District Court for the Northern District of Ohio. This Court must weight the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) accessibility to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems of trying the case most expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994).

    **i. Parties Convenience**

Paparella resides within the Northern District of Ohio. PMCF's main headquarters are located within the Eastern District of Michigan. Since the Court must give deference to Plaintiff's choice of forum unless the balance strongly favors Defendant, simply transferring Paparella's inconvenience to PMCF makes this factor favor PMCF. *See Superior Consulting v. Walling*, 851

F. Supp. 839, 845 (E.D. Mich. 1994) (denying motion to transfer venue where transfer "would simply have exchanged the inconvenience of one party for that of the other.").

### ii. Witnesses' Convenience

Witness convenience is "often cited as the most important factor" in the analysis. 5 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851, at 415-16 (2d ed. 1986). Three companies that Paparella allegedly improperly solicited are located in the Cleveland, Ohio area. However, material witnesses for PMCF, including PMCF's President and Managing Director, Philip C. Gilbert, Spectrum Computer Forensics and Risk Management LLC's J. Stott Matthews; PMCF's Information and Techonology personnel, and PMCF's staff that Paparella worked with are located in Southfield, Michigan. Also, the distance from the Northern District of Ohio to the Eastern District of Michigan is not so great that any witness would be overly inconvenienced. Thus, this factor favors neither party.

### iii. Relative Ease of Access to Sources of Proof

During Paparella's employment with and membership of PMCF, he worked out of PMCF's Cleveland, Ohio office. Client contacts and business operations were conducted from the Cleveland office. But, PMCF's Information and Technology office, which houses PMCF's computer servers is located in Southfield, Michigan. Moreover, the location of relevant documentary evidence and PMCF's trade secret evidence is in Michigan. Therefore, this factor favors PMCF.

### iv. Availability of Process to Compel Attendance of Unwilling Witnesses, Cost of Obtaining Willing Witnesses, and Practical Difficulties with Trying the Case

Neither party has pled relevant facts to assess whether these factors favor PMCF or Paparella. Regardless, these same issues could arise if the case were transferred to Ohio. These factors at the very least would not favor transfer to Ohio.

### v. Interests of Justice

This factor accounts for any other concerns the Court should consider. Here, the Staff-Relationship Agreement and Membership Agreement between Paparella and PMCF is governed by Michigan law. Michigan has a public interest in protecting its corporations. The alleged breach of contact also harms a Michigan corporation. The parties have not advanced any additional prudential concerns, nor can the Court identify any, that would warrant transfer. Accordingly, the Court finds the interests of justice favor PMCF's chosen forum.

Therefore, after balancing all of the factors, Paparella has failed to satisfy his burden of showing, by a preponderance of the evidence, that transferring this case to the Northern District of Ohio is warranted pursuant to 28 U.S.C. § 1404(a).

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and Motion to Transfer Venue [dkt 2] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 21, 2010.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290