UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P&M CORPORATE FINANCE, LLC,

    Plaintiff,

v.

MICHAEL PAPARELLA,

    Defendant.
_____/

Case No. 2:10-cv-10448

Hon. Lawrence Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 22, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on (1) Plaintiff's Notice of Filing FINRA Arbitration [dkt 11] and (2) Defendant's Response to and Motion to Strike Plaintiff's Notice of Filing FINRA Arbitration [dkt 12 ]. The parties have fully briefed Defendant's motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R.

7.1(f)(2), it is hereby ORDERED that the Defendant's motion be decided on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

Plaintiff is an investment banking advisory firm with its principal place of business in Southfield, Michigan. In June 2004, Plaintiff hired Defendant as a Director. He was initially hired and trained to provide investment banking advisory services using Plaintiff's confidential and proprietary processes. Two written agreements governed the terms of Defendant's employment. The Staff-Relationship Agreement contains a non-solicitation provision that remains effective two years after Defendant's employment as Director ceases.

In July 2007, Defendant was promoted to Managing Director. At this time, Defendant's role changed from an employee role to a membership role. Defendant's compensation changed from salary to membership distributions. In addition to the Staff-Relationship Agreement, Plaintiff claims a second written agreement, the Membership Agreement, also governed Defendant's employment status after July 2007. Like the Staff-Relationship Agreement, this agreement contains certain confidentiality, non-competition, and non-solicitation provisions.

Defendant alleges that he has not signed any Membership Agreement and that Plaintiff has failed to produce a signed copy of any Membership Agreement. In April 2009, Defendant withdrew as a member of Plaintiff and returned to the position of Entity Principal and Managing Director. Defendant submitted his voluntary resignation to Plaintiff on September 3, 2009, and his employment effectively terminated on September 8, 2009. Defendant returned the computer issued to him by Plaintiff on September 11, 2009.

After Defendant's termination, Plaintiff recently became aware of Defendant's employment with Candlewood Partners, LLC ("Candlewood")—a direct competitor of Plaintiff—and Defendant's solicitation of Plaintiff's clients and prospects. Plaintiff contends this violates the Staff-Relationship and Membership Agreements. Plaintiff's cause of action arises from allegations that Defendant misappropriated Plaintiff's confidential information while Plaintiff employed Defendant. Since Defendant has resigned from Plaintiff's employment, he also has allegedly been soliciting and providing services to Plaintiff's clients and prospects.

Plaintiff filed its complaint in the Oakland County Circuit Court, and Defendant removed to this Court on February 2, 2010, on the basis of the Court's diversity jurisdiction. Defendant then filed a motion to dismiss and to transfer venue, which Plaintiff responded to. Before the Court issued a determination on Defendant's motion, Plaintiff filed a notice ("Notice pleading"), stating that Plaintiff was required to arbitrate the subject matter of this dispute with the Defendant pursuant to Financial Industry Regulatory Authority ("FINRA") rules in a FINRA arbitration proceeding and that such proceeding had been commenced by Plaintiff. The Notice pleading also asked the Court to decide Plaintiff's request for temporary injunctive relief filed with the state court, but to not decide the merits of Defendant's partial motion to dismiss and motion to transfer venue. The Court has already decided Defendant's motion to dismiss and to transfer venue. Thus, the parties' arguments regarding this motion are moot. Therefore, as Defendant argues, the only remaining issue before the Court is whether Plaintiff has waived its right to arbitrate its claims.

## III. ANALYSIS

### A. Construe Plaintiff's Notice Pleading as a Motion to Compel Arbitration

Fed. R. Civ. P. 7(b) governs the format of motions and pleadings. Rule 7(b) provides that a motion must: (1) be in writing; (2) state with particularity the grounds for the pleading; and (3) state the relief or order sought. *See* Fed. R. Civ. P. 7(b)(1)(A)-(1)(C). A court, however, is not bound by how a party labels its motion, and the relief sought should be determined by the substance, not the label. *Effjohn Int'l Cruise Holding, Inc., v. Enchanted Isle*, 346 F.3d 552, 560 (5th Cir. 2003); *see United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (refusing to reject a fraud-upon-the-court claim on procedural grounds because no purpose is served by granting relief on the ground that the motion mis-styled the plea for relief); *U.S. v. Borden Financial Corp.*, 164 B.R. 260 (E.D. La 1994) (holding that regardless of the title of a motion, it is the substance of it that controls).

As a preliminary matter, Defendant argues the Court must address the proper form in which a motion must be submitted to the Court because Plaintiff's Notice pleading is an improper form in which to compel arbitration. Here, the Notice pleading was titled, "Notice of Filing FINRA Arbitration and That Defendants' Partial Motion to Dismiss and Motion to Transfer Venue Should Not Be Decided." The Notice pleading indicated arbitration with FINRA commenced. Substantively, this appears to be a motion to compel arbitration. *See Effjohn*, 346 F.3d at 552. Plaintiff wants this Court to force the Defendant to litigate the claims in arbitration and either dismiss or stay the current action until a resolution is reached in the arbitration proceeding. In compliance with Rule 7(b), the Notice pleading was filed in writing, explained the grounds for

filing it, and requested that the Court not decide the merits of the case or Defendant's pending motion, except for the pending temporary injunctive relief.

Therefore, this Court construes the Notice pleading as a motion to compel arbitration.

**B. Existence of an Arbitration Agreement**

"Before compelling an unwilling party to arbitrate, [a] court must engage in a limited review to determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing *AT & TTech.. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

Although Defendant argues that Plaintiff has failed to produce a signed agreement with an arbitration clause, Plaintiff contends arbitration was agreed upon because it is a member of FINRA and Defendant is an associated person. Plaintiff supports this contention with brokerage check reports purportedly establishing Plaintiff's and Defendant's relationship with FINRA.

FINRA, successor to the National Association of Securities Dealers, Inc., is an organization designed to self-regulate broker dealer firms and investment bank dealings in over-the-counter market transactions. FINRA has established a set of rules which its industry members must follow. Such rules are applicable to "all members and persons associated with a member. Persons associated with a member shall have the same duties and obligations as a member under the [r]ules." FINRA Rule 140(a). According to FINRA, two elements must be met before arbitration is required. The dispute must be between "members, members and associated persons; or associated persons." FINRA 13200(a). The dispute must also arise "out of the business activities of a member or an associated person." FINRA Rule 13200(a).

5

FINRA Rule 13100 defines an "associated person" and a "member." An "associated person" is "a person associated with a member." FINRA Rule 13100(a). A "member" is "any broker or dealer admitted to membership in FINRA, . . . and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA's consent, has required its members to arbitrate pursuant to [FINRA] and/or to be treated as members of FINRA."

The FINRA broker check is a report summary of Defendant's registration and employment history. The report details that Plaintiff is a broker firm admitted to membership in FINRA. The report also indicates that Defendant was licensed through Plaintiff as a registered representative from July 2004 to September 2009. Thus, per FINRA Rule 13100(a), Defendant was registered as a person with a FINRA member firm. There is no indication that Defendant contests Plaintiff's membership or his own membership as an associated person employed by a FINRA member.

Additionally, the scope of the dispute involves whether Defendant misappropriated confidential information and solicited direct competitors of Plaintiff, which involves Plaintiff and Defendant's business activities. Therefore, the Court finds the parties are subject to arbitration pursuant to FINRA rules because the case involves a dispute over business activities between a member and an associated person.

**C. Waiver of the Right to Arbitrate**

Despite the strong presumption in favor of arbitration, under the Federal Arbitration Act ("FAA"), *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), courts have found that a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) "delaying its assertion to such an extent that the opposing party incurs actual prejudice."

6

*O.J. Distrib, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 356 (6th Cir. 2003) (quoting *Germany v. River Terminal Ry.*, 477 F.2d 546, 547 (6th Cir. 1973) (per curiam).

### 1. Acts Inconsistent with a Right to Arbitrate

A party acts inconsistently with its right to arbitration where it actively participates in litigation. *Uwaydah v. Van Wert County Hospital*, 246 F. Supp. 2d 808, 810 (N.D. Ohio 2002). For instance, in *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338-40 (6th Cir. 2010), the defendant acted inconsistently with its right to arbitrate by waiting two years after the action started before attempting to compel arbitration. Active participation included the defendant actively litigating the action in court, responding to actions by the plaintiff, and filing multiple dispostive and non-dispostive motions. The court found defendant had waived its right to arbitrate. *Id.* In a similar case, the court held that the defendant waived its right to arbitrate after 17 months passed and a default judgment was entered against it by the district court before the defendant attempted to enforce the arbitration clause. *Gen. Star Nat'l Ins. V. Adminisistratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002).

Furthermore, extensive discovery, a delay of asserting arbitration, and a set trial date can waive arbitration. In *Cabinetree of Wisconsin v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995), the plaintiff filed suit in state court. The case was removed to federal district court and discovery started. *Id.* at 389. In response to defendant's discovery demands, the plaintiff produced almost two thousand documents. *Id.* With a trial date set, and after ten months from the initial filing in state court, defendant moved to stay the action pending the outcome of an arbitration proceeding. *Id.* The court held defendant had waived its right to arbitrate because the actions

7

"manifest[ed] an intention to resolve the dispute through the processes of the federal court." *Id.* at 390.

Defendant argues that Plaintiff waived its right to arbitration when it: (1) filed this action; (2) briefed and responded to Defendant's motions, and (3) knew the FINRA guidelines. Plaintiff responds that it only pursued those motions that Defendant initially filed and only a short time period has elapsed in this case since it was filed.

In the instant case, the time period since commencement of this action and Plaintiff's assertion of its right to arbitration had been approximately 4 months. *Compare O.J. Distributing, Inc. V. Hornell Brewing Co., 340 F.3d 345, 357* (holding that the defendant waived its right to arbitrate by engaging in negotiations with the plaintiff for approximately 15 months before asserting its right). Likewise, Plaintiff did not wait for an unfavorable decision to be reached by the Court before it enforced its arbitration rights. Even though the Court has addressed Defendant's filed motion to dismiss and transfer venue, Plaintiff's Notice pleading was filed prior to the Court's determination of Defendant's motion.

Defendant also argues that litigating the claim before the Court is a waiver of the Plaintiff's right to arbitrate, however, the Court does not agree that there is a complete bar to arbitration once an action is filed in the judicial system, rather, the Court finds it necessary to look at the specific context of the case. *Cabintree*, 50 F.3d at 391 ("[W]hile normally the decision to proceed in a judicial forum is a waiver of arbritration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver . . . ."); *but see Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) ("Litigating a claim is clearly inconsistent with any perceived right to arbitration . . . .").

As Plaintiff argued, it has not diligently pursued the litigation after it filed its initial complaint. Plaintiff filed its complaint in state court and only responded to those motions filed by Defendant. Even though Defendant also argues that Plaintiff ignored FINRA rules, FINRA allows for the claimant to file in a court for a temporary injunction, which was a part of Plaintiff's complaint. As Plaintiff also points out, Defendant's own cited authority fails to support Defendant's contention that Plaintiff has waived its right to arbitrate. *See Sharif v. Wellness International Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004) (holding that defendant did not waive the right to compel arbitration by filing a motion to dismiss and filing a motion to transfer venue, especially since discovery did not start and no trial had been set); *Welborn Clinic*, 301 F.3d at 636-38 (noting that litigating a claim until the outcome appears unfavorable and then compelling arbitration is clearly inconsistent with a right to arbitrate). Therefore, the Court finds Plaintiff's filing of its complaint in state court and responding to Defendant's motion are not completely inconsistent with any reliance on the right to FINRA arbitration proceedings.

### 2. Prejudice to the other Party

The second course of conduct, prejudice to the other party, can be met when a plaintiff does not diligently pursue its right to arbitrate. *Banc of Am. Sec., LLC v. Independence Tube Corp.*, Case No. 09-cv-07381, at *16-17 (N.D. Ill. May 4, 2010). In *Independence Tube*, plaintiff's actions consisted of briefing and responding to defendant's motion to dismiss and motion to consolidate and transfer. A year later, plaintiff filed a voluntarily dismissal of all of its claims and started an arbitration action once plaintiff had reason to believe the court intended to dismiss one or more of its claims. *Id.* at *17. The court found this prejudiced the defendant. *Id.* Although prejudice to the other party is not dispostive, a party waives arbitration when it delays the invocation of arbitration

9

to the extent that the opposing party incurs unnecessary delay or expense. *Uwaydah*, 246 F. Supp. 2d at 812 (citations omitted).

Defendant relies heavily on *Independence Tube* in arguing that he has spent a substantial amount of money litigating the action in court proceedings. The Court finds this case distinguishable. The plaintiff in *Independence Tube* filed its complaint in federal court, sought discovery on multiple occasions, opposed the defendant's efforts to transfer the case, and asked the court for a chance to conduct discovery so it could oppose the defendant's motion to dismiss. *Independence Tube Corp.*, Case No. 09-cv-07381, at *14. Not until plaintiff realized the court might dismiss its claims did it dismiss the case and pursue such claims in arbitration. *Id*.

The four months in which this case has been litigated is not the result of unnecessary delay, nor has it caused Defendant to incur the prejudice other courts have relied on to conclude a party waived its right to arbitration. Prior to the filing of the Notice pleading, only one motion ( a motion to dismiss or transfer venue) had been filed, and it was filed by Defendant, not Plaintiff. There has been no discovery, no scheduling order has been entered, and no trial date has been set. Because of these circumstances, the Court finds that Defendant has not incurred actual prejudice. *See Uwaydah*, 246 F. Supp. 2d at 810-11 (noting the 18 months spent litigating the claims, the amount of discovery that had taken place, and plaintiff's need to respond to the defendant's summary judgment motion would prejudice defendant). Accordingly, the Court finds that Plaintiff has not waived its right to arbitrate this dispute.

The Court has no other claims before it that it can hear, thus, the matter will be dismissed and the parties will proceed with the arbitration proceeding commenced pursuant to FINRA. *See, e.g.*, *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir. 2005) ("A compulsory arbitration provision

divests the District Court of jurisdiction over claims."); *Southern Elec. Health Fund v. Kelly*, 308 F. Supp. 2d 847, 851 (M.D. Tenn. 2003) ("Under the Federal Arbitration Act . . . the existence of the arbitration clause deprives the Court of jurisdiction . . . the Court must either dismiss the cross claims or stay them pending arbitration.").

## V. CONCLUSION

Accordingly, for the reasons stated above, the Court HEREBY ORDERS that Defendant's Motion to Strike Plaintiff's Notice of Filing FINRA Arbitration [dkt 11] is DENIED.

It is FURTHER ORDERED that Plaintiff's Notice for filing FINRA Arbitration, (construed as a motion to compel arbitration) is GRANTED.

It is FURTHER ORDERED that Plaintiff's claims against Defendant are DISMISSED WITHOUT PREJUDICE and this matter may be concluded in the FINRA arbitration proceeding that has already commenced.

IT IS SO ORDERED.

      S/Lawrence P. Zatkoff
      LAWRENCE P. ZATKOFF
      UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 22, 2010.

      S/Marie E. Verlinde
      Case Manager
      (810) 984-3290